UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
RICKY BOECKMANN,

        Plaintiff,　　　　　　　　　　　　　　22 Civ.

    v.　　　　　　　　　　　　　　　　　　　　COMPLAINT

METRO-NORTH COMMUTER RAILROAD,　　　　　JURY TRIAL REQUESTED

        Defendant
---------------------------------------------------------------------X

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

**THE PARTIES**

1. The plaintiff is a resident of the State of New York, County of Ulster, and City of Modena.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3. Prior to May 20, 2019, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Signal Maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to May 20, 2019 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Signal Case near Control Point (CP) Hall, Campbell Hall, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

**JURISDICTION AND VENUE**

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

**FACTS**

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On May 20, 2019, the plaintiff was working as a Signal Maintainer at the direction and training of defendant, when plaintiff and a co-worker were attempting to remove a defective battery charger from the signal case. The case in question exceeded the lifting ability of plaintiff, even with assistance, and indeed exceeded the lifting requirements of the job of a Signal Maintainer.

11. While trying to set the charger case down, the case was set down too fast before plaintiff could get his hand clear, severing approximately one inch of his left index finger.

12. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

13. Plaintiff's injuries include, but are not limited to, severed end of left index finger.

**COUNT I**
**Violation of FELA**

14. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

15. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

16. On or about May 20, 2019, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Signal Maintainer at the Control Point (CP) Hall, Campbell Hall, New York,

the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to provide the proper equipment needed to safely move the battery charger case;

    c. in failing to supervise;

    d. in requiring plaintiff to lift and carry unreasonable weight;

    e. in requiring plaintiff to lift and carry weight's in excess of the company job description;

    f. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

17. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

18. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

                Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com